IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. _____

JOHN DOUGLAS REINHART and KATHLEEN REINHART,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA,

    Defendant.

---

COMPLAINT AND JURY DEMAND

---

The Plaintiffs, John Douglas Reinhart and Kathleen Reinhart (collectively the "Reinharts"), by and through their undersigned counsel, Kevin A. Planegger, of Merriam Law Firm, P.C., allege in their Complaint against the United States as follows:

PARTIES, JURISDICTION AND VENUE

1. John Douglas Reinhart and Kathleen Reinhart are citizens of the United States and are currently legal residents of the State of Colorado.

2. The United States of America is the Defendant ("United States" or "IRS"), by and through the actions of its agency, the Internal Revenue Service.

3. Jurisdiction is conferred upon the Court pursuant to 28 U.S.C. § 1346(a)(1).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1402(a)(1) because Mr. and Mrs. Reinhart are legal residents of Colorado.

5. The Plaintiffs have satisfied all administrative and jurisdictional requirements, and have exhausted all administrative and jurisdictional remedies prerequisite to filing this action.

6. This action is timely.

## GENERAL ALLEGATIONS

7. The Plaintiffs timely filed their 2000 federal income tax return on Form 1040 on or about September 4, 2001, and the Internal Revenue Service processed the return and assessed income tax in the amount of $759,635 on October 1, 2001.  A copy of the Plaintiffs' "Account Transcript" obtained from the Internal Revenue Service is attached as Exhibit 1 to document the Plaintiffs' filing history.

8. On or about September 19, 2019, the Internal Revenue Service assessed an accuracy penalty in the amount of $338,816.40 and interest in the amount of $996,864.19 against Mr. and Mrs. Reinhart.

9. The accuracy penalty and interest assessments stemmed from a partnership transaction that was audited by the Internal Revenue Service with respect to the Reinharts' 2000 tax year.

10. The Internal Revenue Service issued a Final Partnership Administrative Adjustment ("FPAA") in 2004 to the related partnership, RB-1 Investment Partners, and the partnership filed a Tax Court Petition on or about November 26, 2004.  Ultimately, the partnership conceded the substantive adjustments, and the Tax Court decision resulted in additional income taxes to the Plaintiffs as well as a forty percent gross valuation misstatement penalty pursuant to Section 6662 of the Internal Revenue Code.

11. The Plaintiffs' made a cash deposit in 2006 to cover their potential income tax liability from the possible "flow-through" adjustments from the partnership.

12. The Plaintiffs paid the penalty assessment, plus almost 20 years of interest, in two separate payments (totaling $1,365,497) in October of 2019.

13. On February 7, 2020, the Plaintiffs filed a formal claim for refund on Form 843 (copy attached as Exhibit 2) to claim a refund of the accuracy penalty that was paid in the amount of $338,816.40 (plus interest).

14. The Plaintiffs' February 7, 2020 claim for refund on Form 843 set forth the legal authority and legal analysis to establish reasonable cause for the position on the Plaintiffs' 2000 tax return that resulted in the penalty. Accordingly, the penalty should not have been assessed, and the Plaintiffs are entitled to a full refund of their payment(s).

15. The Plaintiffs' February 7, 2020 claim for refund on Form 843 also set forth the position that the Internal Revenue Service failed to comply with Section 6751 of the Internal Revenue Code in that it failed to secure written, supervisory authority of the initial determination of the assessment.

16. Without the requisite documentation for compliance with Section 6751, the penalty assessment is void and illegal, and the Plaintiffs are entitled to a full refund of their payment attributable to this penalty.

17. The Plaintiffs' February 7, 2020 claim for refund on Form 843 also included a claim for interest abatement pursuant to Section 6404(g) of the Internal Revenue Code.

18. The Internal Revenue Service was required to provide notice of the Plaintiffs' potential tax liability within 18 months of the due date of the 2000 tax return.

19. The Plaintiffs' 2000 federal income tax return was filed by the extended due date of October 15, 2001, and the 18 month notification period pursuant to Section 6404(g) expired on April 15, 2003.

20. The Internal Revenue Service did not provide any notice for the Plaintiffs' potential tax until late 2004, and all interest should be abated and refunded for this period (approximately 15 months).

21. The accuracy related penalty (plus interest) and the amount of interest subject to abatement/refund pursuant to Section 6404(g) totaled approximately $1,200,000.

22. On April 26, 2021, the Internal Revenue Service issued a letter (copy attached as Exhibit 3) notifying the Plaintiffs that their claim for refund was disallowed.

23. The April 26, 2021 disallowance notice did not provide a detailed explanation as to why the Plaintiffs' claims were denied. The only explanation was that "reasonable cause" did not apply for penalty abatement, and Section 6404(g) did not apply for interest reduction because the adjustment was from a "listed transaction."

CLAIM FOR RELIEF

24. Plaintiffs reallege and incorporate by reference all of the proceeding allegations.

25. Pursuant to 26 U.S.C. § 7422, the Plaintiffs file this civil action to recover a refund of approximately $1,200,000 for the reasons set forth in their February 7, 2020 claim for refund on Form 843.

26. The Plaintiffs are entitled to a refund of the penalty and excessive interest, including overpayment interest, as provided by law.

27. The Plaintiffs are entitled to recover interest as provided in 28 U.S.C. § 2411.

JURY DEMAND

28. Pursuant to Fed R. Civ. 38(b) and 28 U.S.C. § 2402, the Plaintiffs demand a trial by jury on all issues so triable.

WHEREFORE, Plaintiffs demand judgment against Defendant in the amount of $1,200,000, plus interest thereon, as well as Plaintiffs' costs, reasonable attorneys' fees, and/or reasonable litigation costs, and such other relief as the Court deems just and proper.

DATED this 25th day of April, 2023.

By: s/Kevin A. Planegger

Kevin A. Planegger, #29084
Merriam Law Firm
1675 Broadway, Suite 1875
Denver, CO 80202
303-592-5404
303-592-5439 (facsimile)

Attorney for Plaintiffs