IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil No. 1:23-cv-01045-DDD-KAS

JOHN DOUGLAS REINHART and KATHLEEN REINHART,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

## UNITED STATES' ANSWER TO THE COMPLAINT

COMES NOW, defendant, United States of America, by and through undersigned counsel, and hereby answers the numbered paragraphs of the Compliant of the Plaintiffs as follows:

### PARTIES, JURISDICTION AND VENUE

1. John Douglas Reinhart and Kathleen Reinhart are citizens of the United States and are currently legal residents of the State of Colorado.

RESPONSE: In response to Paragraph No. 1, the United States admits that the Plaintiffs are citizens of the United States. The United States is without knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph and on that basis denies every allegation contained therein.

2. The United States of America is the Defendant ("United States" or "IRS"), by and through the actions of its agency, the Internal Revenue Service.

RESPONSE: In response to Paragraph No. 2, the United States admits that the United States of America is the Defendant in this action.

3. Jurisdiction is conferred upon the Court pursuant to 28 U.S.C. § 1346(a)(1).

RESPONSE: In response to Paragraph No. 3, the United States admits that the Complaint purports to allege a civil action against the United States for refund of income taxes under the Internal Revenue Code as provided by 28 U.S.C. § 1346(a)(1). The United States denies the remaining allegations contained in this paragraph.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1402(a)(1) because Mr. and Mrs. Reinhart are legal residents of Colorado.

RESPONSE: In response to Paragraph No. 4, the United States admits that 28 U.S.C. § 1402(a)(1) provides that an action against the United States under 28 U.S.C. § 1346(a) may be brought in the judicial district where the plaintiffs reside. The United States is without knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph and on that basis denies every allegation contained therein.

5. The Plaintiffs have satisfied all administrative and jurisdictional requirements and have exhausted all administrative and jurisdictional remedies prerequisite to filing this action.

RESPONSE: In response to Paragraph No. 5, the United States admits that the Plaintiffs filed an administrative claim within 2 years of full payment of their income tax liability for the year 2000 which claim was denied by the IRS. The United States further admits that this suit was commenced within 2 years of the claim's disallowance. The United States denies every remaining allegation contained in this paragraph.

6. This action is timely.

RESPONSE: In response to Paragraph No. 6, the United States admits that the Plaintiffs filed an administrative claim within 2 years of full payment of their income tax liability for the year 2000 which claim was denied by the IRS. The United States further admits that this suit was

commenced within 2 years of the claim's disallowance. The United States denies every remaining allegation contained in this paragraph.

## GENERAL ALLEGATIONS

7. The Plaintiffs timely filed their 2000 federal income tax return on Form 1040 on or about September 4, 2001, and the Internal Revenue Service processed the return and assessed income tax in the amount of $759,635 on October 1, 2001. A copy of the Plaintiffs' "Account Transcript" obtained from the Internal Revenue Service is attached as Exhibit 1 to document the Plaintiffs' filing history.

RESPONSE: In response to Paragraph No. 7, the United States admits the allegations contained in this paragraph, but notes that IRS Account Transcripts are continuously updated with new information such that Exhibit 1 is a snapshot of the transcript at a specific point in time.

8. On or about September 19, 2019, the Internal Revenue Service assessed an accuracy penalty in the amount of $338,816.40 and interest in the amount of $996,864.19 against Mr. and Mrs. Reinhart.

RESPONSE: In response to Paragraph No. 8, the United States admits the allegation contained in this paragraph except that the accuracy penalty and interest were assessed on September 9, 2019, not September 19, 2019.

9. The accuracy penalty and interest assessments stemmed from a partnership transaction that was audited by the Internal Revenue Service with respect to the Reinharts' 2000 tax year.

RESPONSE: In response to Paragraph No. 9, the United States admits the allegations contained in this paragraph.

10. The Internal Revenue Service issued a Final Partnership Administrative Adjustment ("FPAA") in 2004 to the related partnership, RB-1 Investment Partners, and the partnership filed a Tax Court Petition on or about November 26, 2004. Ultimately,

the partnership conceded the substantive adjustments, and the Tax Court decision resulted in additional income taxes to the Plaintiffs as well as a forty percent gross valuation misstatement penalty pursuant to Section 6662 of the Internal Revenue Code.

       RESPONSE: In response to Paragraph No. 10, the United States admits the allegations contained in this paragraph.

11.    The Plaintiffs' made a cash deposit in 2006 to cover their potential income tax liability from the possible "flow-through" adjustments from the partnership.

       RESPONSE: In response to Paragraph No. 11, the United States admits the allegations contained in this paragraph.

12.    The Plaintiffs paid the penalty assessment, plus almost 20 years of interest, in two separate payments (totaling $1,365,497) in October of 2019.

       RESPONSE: In response to Paragraph No. 12, the United States admits the allegations contained in this paragraph.

13.    On February 7, 2020, the Plaintiffs filed a formal claim for refund on Form 843 (copy attached as Exhibit 2) to claim a refund of the accuracy penalty that was paid in the amount of $338,816.40 (plus interest).

       RESPONSE: In response to Paragraph No. 13, the United States admits the allegations contained in this paragraph.

14.    The Plaintiffs' February 7, 2020 claim for refund on Form 843 set forth the legal authority and legal analysis to establish reasonable cause for the position on the Plaintiffs' 2000 tax return that resulted in the penalty. Accordingly, the penalty should not have been assessed, and the Plaintiffs are entitled to a full refund of their payment(s).

       RESPONSE: In response to Paragraph No. 14, the United States admits that on or about February 7, 2020, the Plaintiffs filed a claim for refund on Form 843 with respect to their federal

income taxes for the year 2000 which speaks for itself. The United States denies every remaining allegation contained in this paragraph.

15. The Plaintiffs' February 7, 2020 claim for refund on Form 843 also set forth the position that the Internal Revenue Service failed to comply with Section 6751 of the Internal Revenue Code in that it failed to secure written, supervisory authority of the initial determination of the assessment.

RESPONSE: In response to Paragraph No. 15, the United States admits that on or about February 7, 2020, the Plaintiffs filed a claim for refund on Form 843 with respect to their federal income taxes for the year 2000 which speaks for itself. The United States denies every remaining allegation contained in this paragraph.

16. Without the requisite documentation for compliance with Section 6751, the penalty assessment is void and illegal, and the Plaintiffs are entitled to a full refund of their payment attributable to this penalty.

RESPONSE: In response to Paragraph No. 16, the United States denies the allegations contained in this paragraph.

17. The Plaintiffs' February 7, 2020 claim for refund on Form 843 also included a claim for interest abatement pursuant to Section 6404(g) of the Internal Revenue Code.

RESPONSE: In response to Paragraph No. 17, the United States admits that on or about February 7, 2020, the Plaintiffs filed a claim for refund on Form 843 with respect to their federal income taxes for the year 2000 which speaks for itself. The United States denies every remaining allegation contained in this paragraph.

18. The Internal Revenue Service was required to provide notice of the Plaintiffs' potential tax liability within 18 months of the due date of the 2000 tax return.

RESPONSE: In response to Paragraph No. 18, the United States denies the allegations contained in this paragraph.

19. The Plaintiffs' 2000 federal income tax return was filed by the extended due date of October 15, 2001, and the 18 month notification period pursuant to Section 6404(g) expired on April 15, 2003.

RESPONSE: In response to Paragraph No. 19, the United States admits that Plaintiffs filed their original federal income tax return for the year 2000 by the extended due date. The United States denies every remaining allegation contained in this paragraph.

20. The Internal Revenue Service did not provide any notice for the Plaintiffs' potential tax until late 2004, and all interest should be abated and refunded for this period (approximately 15 months).

RESPONSE: In response to Paragraph No. 20, the United States denies the allegations contained in this paragraph.

21. The accuracy related penalty (plus interest) and the amount of interest subject to abatement/refund pursuant to Section 6404(g) totaled approximately $1,200,000.

RESPONSE: In response to Paragraph No. 21, the United States admits that the amount of the accuracy penalty plus interest approximates $1,200,000. The United States denies every remaining allegation contained in this paragraph.

22. On April 26, 2021, the Internal Revenue Service issued a letter (copy attached as Exhibit 3) notifying the Plaintiffs that their claim for refund was disallowed.

RESPONSE: In response to Paragraph No. 22, the United States admits the allegations contained in this paragraph.

23. The April 26, 2021 disallowance notice did not provide a detailed explanation as to why the Plaintiffs' claims were denied. The only explanation was that "reasonable cause" did not apply for penalty abatement, and Section 6404(g) did not apply for interest reduction because the adjustment was from a "listed transaction."

RESPONSE: In response to Paragraph No. 23, the United States admits that on or about April 26, 2021, the IRS mailed Plaintiffs' notice of disallowance of their claim for refund for federal income taxes for 2000 which notice speaks for itself. The United States denies every remaining allegation contained in this paragraph.

CLAIM FOR RELIEF

24. Plaintiffs reallege and incorporate by reference all of the proceeding allegations.

RESPONSE: In response to Paragraph No. 24, the United States reasserts and incorporates its responses to the allegations contained in paragraphs 1 through 23, inclusive, as if fully set forth herein.

25. Pursuant to 26 U.S.C. § 7422, the Plaintiffs file this civil action to recover a refund of approximately $1,200,000 for the reasons set forth in their February 7, 2020 claim for refund on Form 843.

RESPONSE: In response to Paragraph No. 25, the United States admits that the Complaint purports to allege a civil action against the United States for refund of income taxes under the Internal Revenue Code (Title 26). The United States denies the remaining allegations contained in this paragraph.

26. The Plaintiffs are entitled to a refund of the penalty and excessive interest, including overpayment interest, as provided by law.

RESPONSE: In response to Paragraph No. 26, the United States denies the allegations contained in this paragraph.

27. The Plaintiffs are entitled to recover interest as provided in 28 U.S.C. § 2411.

RESPONSE: In response to Paragraph No. 27, the United States denies the allegations contained in this paragraph.

JURY DEMAND

28.   Pursuant to Fed R. Civ. 38(b) and 28 U.S.C. § 2402, the Plaintiffs demand a trial by jury on all issues so triable.

RESPONSE: In response to Paragraph No. 28, this paragraph does not allege any facts, and hence, the United States is not required to respond.

DEFENSES

**First Defense.** Under 26 U.S.C. § 7422(h),[1] the Court lacks subject matter jurisdiction over any claims for refund attributable to partnership-level items in accordance with TEFRA procedures (26 U.S.C §§ 6221-6234).

**Second Defense.** Under the doctrine(s) of collateral estoppel (or "issue preclusion"), the Plaintiffs are prohibited from relitigating matters adjudicated and decided in the prior Tax Court actions, *RB-1 Investment Partners, Eric Reinhart, Tax Matter Partner v. Commissioner*, Docket No. 22670-04 and *John Douglas & Kathleen Reinhart v. Commissioner,* Docket No. 22670-04.

**Third Defense.** Under the doctrine of variance, the plaintiffs are barred from obtaining a tax refund in this action to the extent that they have herein asserted factual and/or legal grounds, or have requested refunds in amounts, that were not set out or are in variance from the administrative claims they filed with the IRS.  *E.g., Herrington v. United States*, 416 F.2d 1029, 1031-1032 (10th Cir. 1969).

**Fourth Defense.** The Plaintiffs are not entitled to any refund of any penalties under 26 U.S.C. § 6664(c) because they lack reasonable cause and did not act in good faith with respect to the abusive tax avoidance transaction in which they participated as discussed in their Claims for Refund.

---

[1] While 26 U.S.C. § 7422(h) was repealed in 2015, the repeal is effective only for tax years after 2017. *See,* The Bipartisan Budget Act of 2015, Pub. L. No. 114-74, § 1101, 129 Stat. 584, 637-38. Thus, this provision continues to apply here.

- 9 -

WHEREFORE, the United States prays for judgment in its favor and against Plaintiffs as follows:

A.  That the Court deny the relief requested in the Complaint and enter judgment in favor of the United States;

B.  That the United States be awarded its attorneys' fees and costs incurred in this proceeding; and

C.  That the United States be granted such other and further relief as the Court deems just and proper, including fees and costs as allowed by law.

                Respectfully Submitted,

Dated: August 22, 2023        DAVID A. HUBBERT
                Deputy Assistant Attorney General

*/s/ Henry C. Darmstadter*
HENRY C. DARMSTADTER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Tel:  202.307.6481
Fax:  202.307.0054
Henry.C.Darmstadter@usdoj.gov

*Of Counsel*
COLE FINEGAN
United States Attorney
District of Colorado

*Counsel for the United States of America*