IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01045-DDD-KAS

JOHN DOUGLAS REINHART and KATHLEEN
REINHART,

       Plaintiffs,

       v.

UNITED STATES OF AMERICA,

       Defendant.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

October 3, 2023, at 10:00 a.m. in Courtroom C204, Second Floor, of the Byron G. Rogers

United States Courthouse, 1929 Stout Street, Denver, Colorado. Appearances of counsel are:

Kevin A. Planegger
Whitney W. Wolfe
Merriam Law Firm, P.C.
1675 Broadway, Suite 1875
Denver, CO 80202
303-592-5404
kevin@merriamlaw.com
whitney@merriamlaw.com
*Attorneys for Plaintiffs*

Henry C. Darmstadter, III
Robert C. Bombard
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
202-307-6481 (Darmstadter)
202-514-6073 (Bombard)
Henry.c.darmstadter@usdoj.gov
Robert.Bombard@usdoj.gov
*Attorneys for the United States of America*

## 2. STATEMENT OF JURISDICTION

Plaintiffs invokes the Court's jurisdiction under 28 U.S.C. § 1346(a)(1). The United States concedes that Plaintiffs have met the jurisdictional requirements of 28 U.S.C. § 1346(a)(1).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. The Plaintiffs claim that they are entitled to a refund of the accuracy penalty assessed (and paid) with respect to their 2000 federal income tax return.  The Plaintiffs' February 7, 2020 administrative claim for refund on Form 843 set forth the legal authority and legal analysis to establish reasonable cause for the position on the Plaintiffs' 2000 tax return that resulted in the accuracy penalty.  Accordingly, Plaintiffs argue the penalty should not have been assessed, and the Plaintiffs are entitled to a full refund of their payment(s).  The Plaintiffs' February 7, 2020 claim for refund also set forth the position that the Internal Revenue Service failed to comply with Section 6751 of the Internal Revenue Code in that it failed to secure written, supervisory authority of the initial determination of the penalty.  Without the requisite documentation for compliance with Section 6751, Plaintiffs argue the penalty assessment is void and illegal, and the Plaintiffs are entitled to a full refund of their payment(s) attributable to this penalty.

The Plaintiffs also claim that they are entitled to a refund for interest abatement pursuant to Section 6404(g).  The Internal Revenue Service was required to provide notice of the Plaintiffs' potential tax liability within 18 months of the due date of the 2000 tax return.  The Plaintiffs' 2000 federal income tax return was filed by the extended due date of October 15, 2001, and the 18 month notification period pursuant to Section 6404(g) expired on April 15,

2003. The Internal Revenue Service did not provide any notice for the Plaintiffs' potential tax until late 2004, and all interest should be abated and refunded for this period.

     b.     The United States denies that Plaintiffs are owed a refund on any taxes, penalties, and interest. The Defendant asserts the following defenses: (1) Under 26 U.S.C. § 7422(h),[1] the Court lacks subject matter jurisdiction over any claims for refund attributable to partnership-level items in accordance with TEFRA procedures (26 U.S.C §§ 6221-6234); (2) Under the doctrine(s) of collateral estoppel (or "issue preclusion"), the Plaintiffs are prohibited from relitigating matters adjudicated and decided in the prior Tax Court actions, *RB-1 Investment Partners, Eric Reinhart, Tax Matter Partner v. Commissioner*, Docket No. 22670-04 and *John Douglas & Kathleen Reinhart v. Commissioner,* Docket No. 22670-04.; (3) Under the doctrine of variance, the Plaintiffs are barred from obtaining a tax refund in this action to the extent that, in this action, they have asserted factual and/or legal grounds, or have requested refunds in amounts, that were not set out or are in variance from the administrative claims they filed with the IRS. *See, e.g., Herrington v. United States*, 416 F.2d 1029, 1031-1032 (10th Cir. 1969); (4) the Plaintiffs are not entitled to any refund of any penalties under 26 U.S.C. § 6664(c) because they lack reasonable cause and did not act in good faith with respect to the abusive tax avoidance transaction in which they participated as discussed in their claims for refund.

     The United States seeks judgment in its favor and against Plaintiffs asking the Court to deny the relief requested in the Complaint and enter judgment in favor of the United States;

---

[1] While 26 U.S.C. § 7422(h) was repealed in 2015, the repeal is effective only for tax years after 2017. *See* Bipartisan Budget Act of 2015, Pub. L. No. 114-74, § 1101, 129 Stat. 584, 637-38. Thus, this provision continues to apply here.

award the United States be its costs incurred in this proceeding; and granting the United States such other and further relief as the Court deems just and proper.

## 4.  UNDISPUTED FACTS

The parties agree that the following facts are undisputed:

a.  The Plaintiffs bring this action pursuant to 26 U.S.C § 7422(a) and 28 U.S.C. § 1346(a)(1) against the United States for the recovery of additions to tax, penalties, and related interest that the Plaintiffs allege was erroneously assessed and collected for their 2000 federal income tax return.

b.  Plaintiffs are individuals who reside in the State of Colorado. Plaintiffs live at 16490 W. Ellsworth Ave., Golden, CO 80401.

c.  Venue is proper in this district pursuant to 28 U.S.C. § 1402(a)(2) because the Defendants are citizens of the United States and the Plaintiffs principal place of residency is Jefferson County, within the State of Colorado.

d.  Plaintiffs have filed an administrative refund claim within 2 years of full payment of their income tax liability for the year 2000, which claim was denied by the IRS.

e.  This suit was commenced within 2 years of the claim's denial.

f.  The Internal Revenue Service assessed an accuracy penalty in the amount of $338,816.40 and interest in the amount of $996,864.19 against the Plaintiffs on September 9, 2019.

g.  The accuracy penalty and interest assessments stemmed from a partnership transaction that was audited by the IRS with respect to the Plaintiffs' 2000 tax year.

h.    The IRS issued a Final Partnership Administrative Adjustment ("FPAA") in 2004

to the related partnership, RB-1 Investment Partners, and the partnership filed a

Tax Court petition challenging the FPAA on or about November 26, 2004.

Ultimately, the partnership conceded the substantive adjustments, and the Tax

Court decision resulted in additional income taxes to the Plaintiffs as well as a

40% gross valuation misstatement penalty pursuant to 26 U.S.C. § 6662.

i.    The Plaintiffs' made a cash deposit in 2006 to cover their potential income tax

liability from the possible "flow-through" adjustments from the partnership.

j.    The Plaintiffs paid the penalty assessment, plus almost 20 years of interest, in two

separate payments (totaling $1,365,497) in October of 2019.

k.    On February 7, 2020, the Plaintiffs filed a formal claim for refund on Form 843 to

claim a refund of the accuracy penalty that was paid in the amount of $338,816.40

(plus interest).

l.    On or about February 7, 2020, the Plaintiffs filed a claim for refund on Form 843

with respect to their federal income taxes for the year 2000.

m.    The Plaintiffs filed their original federal income tax return for the year 2000 by

the extended due date.

n.    On April 26, 2021, the IRS issued a letter notifying the Plaintiffs that their claim

for refund was disallowed.


5.  **COMPUTATION OF DAMAGES**

Plaintiffs seeks a total refund of $1,200,000 plus interest under the Internal Revenue Code, as well as Plaintiffs' costs, reasonable attorneys' fees, and/or reasonable litigation costs and such other relief as the Court deems just and proper. The United States denies that the Plaintiffs are entitled to any refund, costs, or attorneys' fees.

## 6.  REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)

a. <u>Date of Rule 26(f) meeting</u>. **September 15, 2023.**

b. <u>Names of each participant and party he/she represented</u>.

| | |
|---|---|
| Kevin A. Planegger | Henry C. Darmstadter, III |
| Whitney W. Wolfe | Robert C. Bombard |
| Merriam Law Firm, P.C. | Trial Attorneys, Tax Division |
| 1675 Broadway, Suite 1875 | U.S. Department of Justice |
| Denver, CO 80202 | P.O. Box 683, Ben Franklin Station |
| 303-592-5404 | Washington, D.C. 20044-0683 |
| kevin@merriamlaw.com | 202-307-6481 (Darmstadter) |
| whitney@merriamlaw.com | 202-514-6073 (Bombard) |
| *Attorneys for Plaintiffs* | Henry.c.darmstadter@usdoj.gov |
| | Robert.Bombard@usdoj.gov |
| | *Attorneys for the United States of America* |

c. <u>Statement as to when Rule 26(a)(1) disclosures were made or will be made</u>.

The parties agree that initial disclosures must be provided by **October 17, 2023** and agree that production by electronic means is acceptable.

d. <u>Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1)</u>.

None.

e. <u>Statement concerning any agreements to conduct informal discovery</u>:

None.

f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree to the use of a unified exhibit numbering system in this case and will use consecutively-numbered exhibits for depositions in this case. The parties have no other agreements or proposals but believe that litigation costs may be reduced in this case through the electronic exchange of documents. Certain minor depositions may be conducted by remote means where reasonable and feasible and when both parties agree.

g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate that their claims or defenses will involve extensive electronically stored information ("ESI"). To the extent ESI exists, the parties have agreed to preserve their respective information, both paper and email, and have identified possible custodians.

The following categories of electronically stored information need not be reserved: (1) deleted, slack, fragmented, or other data only accessible by forensics; (2) random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system; (3) on-line access data such as temporary internet files, history, cache, cookies, and the like; (4) data in metadata fields that are frequently updated automatically, such as last-opened dates; (5) back-up data that are substantially duplicative of data that are more

accessible elsewhere; (6) server, system, or network logs; (7) data remaining from systems no longer in use that is unintelligible le on the systems in use; and (8) electronic data (e.g. emails, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

The parties agree to produce information in PDF format, unless the need arises for an alternative production format, at which point the parties will discuss other forms of production. The parties have agreed that claims of privilege shall be made on privilege logs and that there is no need for a Fed. R. Evid. 502(d) order.

      h.    <u>Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.</u>

The parties have discussed settlement or resolution of this case and will continue these discussions but believe some discovery is necessary before a full discussion regarding settlement would be beneficial. The parties therefore do not believe alternative dispute resolution would be productive at this time.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge in this case.

## 8. DISCOVERY LIMITATIONS

      a.    <u>Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:</u>

*[handwritten:] – 10 depositions per side, including experts.*

*[handwritten:] –25 Rogs /side*

None.

b.   Limitations which any party proposes on the length of depositions:

None.

c.   Limitations which any party proposes on the number of requests for production and/or requests for admission.

No limitations, other than those provided for in the Federal Rules of Civil Procedure and the Court's Local Rules, are proposed.   *25 RFPs / 25 RFAs per side*

d.   Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

~~May 24, 2024.~~   *August 5, 2024*

e.   Other Planning or Discovery Orders

**None.**

## 9.  CASE PLAN AND SCHEDULE

a.   Deadline for Joinder of Parties and Amendment of Pleadings:

~~January 5, 2024.~~   *Friday, November 17, 2023*

b.   Discovery Cut-off:

**October 4, 2024.**   ✓

c.   Dispositive Motion Deadline:

**December 6, 2024.**   ✓

d.   Expert Witness Disclosure:

1.   The Plaintiff anticipates expert witnesses related to the economic

substance of the Son of BOSS transaction and the reasonableness of the

Plaintiffs' participation in that transaction.

→ *Defendant anticipates affirmative expert witnesses on the above-listed topics.*

2.   The parties propose that each side be allowed a maximum of 3

expert witnesses.

3.   The parties shall designate all affirmative experts and provide opposing

counsel and any pro se parties with all information specified in Fed.

R. Civ. P. 26(a)(2) on or before **July 12, 2024.**

4.   The parties shall designate all rebuttal experts and provide opposing

counsel and any pro se party with all information specified in Fed. R.

Civ. P. 26(a)(2) on or before **August 23, 2024.**

e.   Identification of Persons to Be Deposed:

I.   Plaintiff, John Reinhart (7 hours)

II.   Plaintiff, Kathleen Reinhart (7 hours)

III.   Erin Reinhart, brother of plaintiff John Reinhart

IV.   Allyson Rahn, sister of plaintiff John Reinhart

V.   Randy Smith of Smith, Frank, & Partners, LLC

VI.     Craig Brubaker of Deutsche Bank

VII.    Erwin Mayer of Jenkins and Gilchrist

VIII.   Marion McBryde of Weaver & Tidewell (Accounting firm)

IX.     Hilda Merrit of Weaver & Tidewell Manager

X.      Others to be determined by the Parties

## 10. DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times:

*TBD - parties to contact court as necessary.*

b.  A final pretrial conference will be held in this case on _____ at o'clock ____ m.  A Final
    Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7)
    days before the final pretrial conference. *DDD chambers will contact The parties to Set trial date + FPC/FTPC after dispositive motion deadline has passed and Court has ruled on all such motions.*

## 11. OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort,
    were unable to reach an agreement.

    The parties were able to reach an agreement on all issues.

b.  Anticipated length of trial and whether trial is to the court or jury:

    The parties anticipate the length of the jury trial to be 5 days.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or
    economically conducted in the District Court's facilities in Colorado Springs, Grand Junction, or
    Durango:

    None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C. COLO. LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C. COLO. LCivR 7.1(a). *+ Mag. J. Starnella's discovery dispute procedures.*

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon motion showing good cause and order entered thereon.


DATED this 3rd day of _October_, 2023

KATHRYN A. STARNELLA
UNITED STATES MAGISTRATE
JUDGE


APPROVED:


Dated: September 26, 2023

/s/ Kevin A. Planegger
Kevin A. Planegger
Whitney W. Wolfe
Merriam Law Firm, P.C.
1675 Broadway, Suite 1875
Denver, CO 80202
303-592-5404

/s/ Robert C. Bombard
Robert C. Bombard
Henry C. Darmstadter, III
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683

kevin@merriamlaw.com
whitney@merriamlaw.com
*Attorneys for Plaintiffs*

202-307-6481 (Darmstadter)
202-514-6073 (Bombard)
Henry.c.darmstadter@usdoj.gov
Robert.Bombard@usdoj.gov
*Attorneys for the United States of America*